IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**MICHAEL ANTHONY HEARD,**

       **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　　　**Civil Action No. 5:19cv313**
　　　　　　　　　　　　　　　　　　　　　　　　　**(Judge Bailey)**

**R. HUDGINS, Warden,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On November 18, 2019, Petitioner, Michael Heard, an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges Petitioner's conviction in the District of Maryland. The matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. Factual and Procedural History[1]

### A.  Conviction and Sentence

---

[1] The facts are taken from Petitioner's Criminal Case No. 8:14cr536 in the United States District Court for the District of Maryland available on PACER. Unless otherwise noted, the ECF entries in this section referred to the criminal case. Philips v. Pitt Cnty. Mem Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 Fed second 1236, 1239 (4th Cir. 1989) ( "We note that the most frequent use of judicial notice is in noticing the contents of court records.'").

On April 20, 2015, a five-count superseding indictment [ECF No. 87] was returned against Petitioner and one co-defendant. On August 27, 2015, Petitioner signed a plea agreement in which he agreed to plead guilty to Count Four which charged him with bank robbery, in violation of 18 U.S.C. § 2113(a); and Count Five which charged him with knowingly, intentionally, and unlawfully, using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). ECF No. 103.  On September 1, 2015, Petitioner entered a plea of guilty to Counts Four and Five. ECF No. 102.

Prior to Petitioner's sentencing, the United States Probation Office completed a presentence report ("PSR"). According to the PSR, Petitioner's total offense level was calculated  to be 27 and his criminal history category was IV, resulting in an advisory guideline range of 100 to 125 months on Count Four. Additionally, pursuant to U.S.S.G. § 2K2.4(b), the guideline sentence for a violation of 18 U.S..C. § 924(c) was the term of imprisonment required by statute which was 84 months consecutive to any other term of imprisonment.

On January 13, 2016, Petitioner was sentenced to 97 months as to Count Four and 84 months consecutive as to Count Five, resulting in a total sentence of 181 months. ECF No. 118. Judgment was entered on January 15, 2016. ECF No. 132. His current project release date via good conduct time is May 2, 2027. See bop.gov/inmateloc/.

### B.  Motion to Vacate

Although Petitioner did not file a direct appeal, on January 17, 2017, he filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 140. Petitioner argued that he

was entitled to re-sentencing because his conviction under 18 U.S.C. § 924(c) for Using a Firearm During a Crime of Violence (Count Five) was rendered unconstitutional by the decision in Johnson v. United States, 135 S.Ct. 2552 (2015), which found that the residual clause, assessing a penalty for "conduct that presents a serious potential risk of physical injury to another" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) was unconstitutionally vague. More specifically, Petitioner alleged that bank robbery was no longer a "crime of violence" under § 924(c) and arguing that his conviction was based on conduct no longer considered criminal. On October 2, 2013, the motion was denied. ECF No. 146. In rendering his decision, the district judge noted that the Fourth Circuit has held that "bank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 9224(c)(3), because it 'has as an element the use, attempted use, or threatened use of physical force'— specifically, the taking or attempted taking of property 'by force and violence, or by intimidation.'" ECF No. 146 at p. 2, quoting United States v. McNeal, 818 F.3d 141, 157 (4th Cir.), cert. denied, 137 S.Ct. 164 (2016). Petitioner filed an appeal, and on March 1, 2019, the Fourth Circuit denied him a certificate of appealability and dismissed the appeal. ECF No. 155-1.

On August 12, 2019, Petitioner filed a Motion/Application seeking authorization to file a second or successive § 2255 motion based on the decision in United States v. Davis, 139 S.Ct. 219 (2019). ECF No. 160. On September 3, 2019, the Fourth Circuit denied the motion, because Petitioner's predicate crime of violence—bank robbery, in contravention of 18 U.S.C. § 2113(a)—constitutes a crime of violence under § 924(c)'s force clause. See Doc. 7, In re: Michael Anthony Heard, No. 19-320 (4th Cir.).

### C.  Instant § 2241 Petition

Petitioner alleges that he is actually innocent of the § 924(c) conviction and relies on the decision issued in <u>United States v. Simms</u>, 914 F.3d 229 (4th Cir. 2019) and <u>United States v. Davis</u>, 139 S.Ct. 219 (2019) For relief, Petitioner seeks an order vacating his 924(c) conviction.

## III. Standards of Review

### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.  Pro Se Litigants

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. <u>See</u> <u>Weller v. Dep't of Social</u>

Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, Petitioner unequivocally challenges the validity of his conviction and, as such, his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the

Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000).

### IV. Analysis

Although Petitioner alleges that he satisfies the savings clause, he is mistaken because he misconstrues the import of Davis and Simms on his conviction under 924(c). § 924(c) criminalizes carrying or using a firearm in furtherance of a crime of violence. 18 U.S.C. § 924(c)(1)(A). Under § 924(c), a crime of violence is defined as "an offense that is a felony" and

(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3)(A)-(B). § 924(c)(3)(A) is often referred to as the "elements clause" and § 924(c)(3)(B) as the "residual clause."

Under Davis, in which the defendants were charged with multiple counts of Hobbs Act robbery and one count of conspiracy to commit Hobbs Act robbery, the Supreme Court announced a newly recognized right by finding § 924(c)'s **residual** clause to be unconstitutionally vague. 139 S.Ct. at 2336. Likewise, in Sims, the Fourth

Circuit held that a "crime of violence" as defined in § 924(c)(3)(B) ("the residual clause") is unconstitutionally vague. 914 F.3d at 23-37. <u>Sims</u> involved a Hobbs Act conspiracy.

Considering <u>Davis</u> and <u>Sims</u>, Petitioner's conviction under § 924(c) is valid only if his underlying conviction for bank robbery in violation of 18 U.S.C. §§ 2113(a) qualifies under the elements clause of § 924(c)(3)(A). <u>See</u> 139 S.Ct. at 2336. Clearly it does. Under Fourth Circuit precedent, as noted by the district court and again by the Fourth Circuit, armed bank robbery convictions constitute crimes of violence pursuant to the elements clause. <u>See</u> <u>McNeal</u>, 818 F.3d at 157.

### VI. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED without prejudice** because Petitioner is unable to meet the § 2255 savings clause, and therefore, this court lacks jurisdiction.

Petitioner shall have **fourteen (14) days** from the date of service this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**   A copy of such objections should also be submitted to the United States District Judge.   Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**   28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985);

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED:  February 5, 2020

*/s. James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE